{¶ 20} I concur with the majority's disposition of the first three assignments of error. I respectfully dissent, however, on the fourth assigned error which alleges an error in sentencing. I would remand for resentencing because the trial court failed to notify appellant that she would be subject to post-release control.
 {¶ 21} "When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v. Jordan,104 Ohio St.3d 21, 28, 2004-Ohio-6085, 817 N.E.2d 864. NeitherJordan nor the statute indicates that the rule does not apply when a life sentence is imposed. Moreover, R.C. 2967.28(F)(4) states that "any period of post-release control shall commence upon an offender's actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner * * *." Since Amison is serving a life sentence along with eight years for felonious assault, the court was required to inform her of post-release control. The failure to do so is plain error. See State v.Lynch, Cuyahoga App. No. 86437, 2005-Ohio-3392.
 {¶ 22} Therefore, I would remand for resentencing consistent with Jordan.